UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRECIOUS OKEREKE, )<br><br>Plaintiff, )<br><br>v. )<br><br>SIX UNKNOWN BOSTON POLICE, et al., )<br><br>Defendants. ) | Civil Action No.<br>16-12016-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons stated below, the Court directs The Bournwood Hospital to file and serve either a motion or an answer to the complaint. In the event that The Bournwood Hospital files a motion, Plaintiff will have 14 days after the motion is served to respond. The Court defers ruling on the pending motions to dismiss until The Bournwood Hospital has answered or filed its motion to dismiss.

BACKGROUND

On August 31, 2016, Precious Okereke[1] ("Okereke"), proceeding *pro se*, filed a complaint against Six Unknown Boston Police Officers ("the Removing Defendants"), Boston Medical Center ("BMC"), and The Bournwood Hospital in the Middlessex Superior Court of the Commonwealth of Massachusetts asserting various claims arising from an incident in which Okereke was allegedly arrested and brought to Boston Medical Center. [ECF No. 12].

---

[1] The Court's records indicate that Okereke has a history of filing groundless litigation, and in 2012, she was enjoined from filing any additional or new claims in this Court without first obtaining the written approval of a judge of this Court. See Okereke v. Boston Police Hackney Division, et al., C.A. No. 11-11626-RWZ (D. Mass. Sept. 19, 2012).

On September 23, 2016, counsel for The Bournwood Hospital (whose true name is First Psychiatric Planners, Inc.) filed a notice of appearance and notice of intent to file a motion to dismiss. [ECF No. 12, p. 6].  On September 28, 2016, BMC counsel filed a notice of appearance Id.  On October 6, 2016, BMC filed a notice of intent to file a motion to dismiss. Id. The same day, on October 6, 2016, the Removing Defendants filed a Notice of Removal on the grounds of federal question jurisdiction under 28 U.S.C. § 1331. [ECF No. 1]. The Notice of Removal was signed only by counsel for the Removing Defendants.

On October 14, 2016, co-defendant The Bournwood Hospital filed in the instant action its Notice of Pending Motion to Dismiss in State Court [ECF No. 5] stating that at the time of removal, it had a motion to dismiss pending in the state court, which Okereke opposed. Although The Bournwood Hospital filed a motion to dismiss in state court, the motion has not been filed in this federal court, nor has The Bournwood Hospital otherwise answered.

On October 24, 2016, a motion to dismiss for failure to state a claim was filed by the Removing Defendants [ECF No. 8]. Two days later, on October 26, 2016, BMC filed a motion to dismiss for failure to state a claim. [ECF No. 10].

DISCUSSION

Even though Okereke has not challenged removal, the Court has a duty to inquire, *sua sponte*, into its subject matter jurisdiction. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal is set

out in Section 1446, and provides, in relevant part, that "when a civil action is removed solely

under section 1441(a), *all defendants who have been properly joined and served must join in or*

*consent to the removal* of the action." 28 U.S.C. § 1446(b)(2)(A) (2011) (emphasis added).

Section 1447(c) provides parties thirty days from removal in which to seek remand, but requires

remand "at any time before final judgment [if] it appears that the district court lacks subject

matter jurisdiction." 28 U.S.C. § 1447(c).

"[S]tatutory procedures for removal are to be strictly construed." Syngenta Crop. Prot.,

Inc. v. Henson, 537 U.S. 28, 32 (2002); see also Danca v. Private Health Care Sys., Inc., 185

F.3d 1, 4 (1st Cir. 1999). In general, courts will only allow removal with the unanimous consent

of all defendants. Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900);

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009). This "rule of unanimity"

has been codified in the 2011 amendments to Section 1446. Griffioen v. Cedar Rapids & Iowa

City Ry. Co., 785 F.3d 1182, 1186 (8th Cir. 2015) (citing Federal Courts Jurisdiction and Venue

Clarification Act of 2011, Pub.L. 112–63, § 103, 125 Stat. 758, 760 (codified as amended at 28

U.S.C. § 1446)).

Although the co-defendants have not explicitly consented to removal, a remand is not

necessary because this Court has federal question jurisdiction over plaintiff's civil rights claims

and the parties failed to bring a timely motion to remand. Courts have held that violation of the

unanimity rule is a procedural, not a jurisdictional, defect that is waived if not objected to within

thirty days after removal. See 28 U.S.C.§ 1447(c); see also Esposito, 590 F.3d at 77 (one

defendant's failure to consent to the other defendant's notice of removal within the statutory 30

day time limit constituted a defect in procedure, rather than jurisdiction); Universal Truck &

Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st Cir. 2014) (citing Parrino v. FHP,

Inc., 146 F.3d 699, 703 (9th Cir.1998) ("one defendant's failure to consent to removal within 30

days, as required by § 1446(b)(2)(A) & (B), was not fatal to federal court adjudication"));

Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012) (by failing to object to a procedural

defect within 30 days of removal, defendant waived any such objection pursuant to § 1447(c));

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir. 2008) ("[s]ection 1447(c)

effectively assigns to the parties the responsibility of policing non-jurisdictional questions

regarding the propriety of removal, permitting them to assert a procedural defect or to waive the

defect if they choose to remain in the federal forum").

Here, no party brought a timely motion to remand based on a defect in the removal

procedure, and any objection is therefore waived. Wright & Miller, Fed. Prac. & Proc. § 3739

(noting that even a district court's *sua sponte* remand is barred after the expiration of the 30-day

period).

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that The Bournwood Hospital

Defendant has 14 days from the date of this Order to file and serve either a motion or an answer

to the complaint. In the event The Bournwood Hospital files a motion, Plaintiff will have 14 days

after the motion is served to respond. The Court defers ruling on the pending motions at this

time.

**SO ORDERED.**

                                        /s/ Allison D. Burroughs
                                        Allison D. Burroughs
                                        United States District Judge

Dated:  November 23, 2016