UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRECIOUS OKEREKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIX UNKNOWN BOSTON POLICE ) <br> OFFICERS, et al., ) <br> ) | Civil Action No. <br> 16-12016-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, the Court <u>GRANTS</u> Defendants' motions to dismiss [ECF Nos. 8, 10, 18] for failure to state a claim upon which relief can be granted.

I. **BACKGROUND**

On August 31, 2016, Precious Okereke ("Okereke"), proceeding *pro se*, filed a complaint against Boston Medical Center ("BMC"), Six Unknown Boston Police Officers ("the Removing Defendants"), and The Bournwood Hospital (whose true name is First Psychiatric Planners, Inc.) in the Middlesex Superior Court of the Commonwealth of Massachusetts asserting various claims arising from an incident in which Okereke was allegedly arrested and brought to Boston Medical Center [ECF No. 12]. On October 6, 2016, the Removing Defendants filed a Notice of Removal on the grounds of federal question jurisdiction under 28 U.S.C. § 1331 [ECF No. 1].

As best can be gleaned from the *pro* se complaint, this action stems from an incident in which Okereke was allegedly arrested without probable cause and brought by the police to Boston Medical Center and/or Bournwood Hospital. Okereke alleges that she was confined for fifteen days. She seeks damages in the amount of six million dollars and asserts jurisdiction

pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), M.G.L. ch. 258E (harassment prevention orders), M.G.L. ch. 93, § 10 (knowing intent to injure; punishment; jurisdiction), and M.G.L. ch. 93, § 102 (equal rights; violations; civil actions; costs). The complaint asserts various claims for false arrest, negligence, intentional infliction of emotional distress, deliberate indifference, and conspiracy. Okereke does not state the dates of any of the alleged events and states that the statute of limitations bars no jurisdiction.

Now pending are Defendants' motions to dismiss the complaint in its entirety [ECF Nos. 8, 10, 18], which Okereke has opposed [ECF Nos. 14, 15, 19].

## II. STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff must set forth (1) "a short and plain statement of the grounds for the courts jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). When deciding a motion to dismiss, the Court accepts as true the factual allegations of the Complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)). "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). Although detailed factual allegations are not

required, a pleading must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678; see also Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12 (1st Cir. 2011). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

Because Plaintiff filed her Complaint *pro se*, the Court will construe her allegations liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). A document filed by a *pro se* party "must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* status does not insulate a party from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III. DISCUSSION

In the Defendants' motions to dismiss and supporting memoranda, the Defendants each argue that Okereke failed to state a plausible claim and also that she failed to comply with the 2012 Court Order[1] enjoining her from filing any actions without first obtaining written approval.

---

[1] The Court's records indicate that Okereke has a history of filing groundless litigation and that, in 2012, she was enjoined from filing any additional or new claims in this Court without first obtaining the written approval of a judge of this Court. See Okereke v. Boston Police Hackney Division, et al., C.A. No. 11-11626-RWZ (D. Mass. Sept. 19, 2012).

As an initial matter, the Complaint will not be dismissed on the basis of the 2012 Court Order enjoining Okereke because Defendants removed the case from state court to this Court, and thus Okereke did not file the action in this Court as should have been patently obvious to the removing Defendants. As such, Okereke did not violate the 2012 Court Order.

Each Defendant argues that the Complaint consists of no more than a listing of labels and conclusions and fails to provide any facts to support the required elements of any cause of action. Each Defendant notes that the Complaint does not even assert a date or time frame during which the alleged actions occurred. After reviewing Defendants' motions and the supporting memoranda along with Plaintiff's oppositions, the Court finds that the Complaint cannot survive the Defendants' motions to dismiss for failure to state a claim upon which relief can be granted.

The claims in the Complaint are asserted collectively against the Defendants and it is virtually impossible to determine which causes of action are asserted against which specific Defendants. The allegation on the first page of the Complaint that the "false arrest was a ploy for money-making thus dubious medical billings" does not plausibly suggest that the Plaintiff is in any way entitled to relief from any of the Defendants. As to the police, all that is alleged in the Complaint is that that Plaintiff "was inside her car in Jamaica Plain area of Boston waiting to pick her children from their school bus" and that she "was falsely arrested, kidnapped and drugged [as a result of a conspiratorial agreement]." Compl. at 2. As to the hospitals, there is no mention of Bournwood Hospital in the body of the Complaint and the only mention of BMC is the simple statement that Plaintiff was transported to the BMC. Id. Nowhere does the Complaint allege that either hospital or any of their individual employees acted negligently or otherwise engaged in conduct giving rise to a cause of action. Okereke's oppositions present no arguments showing how the Defendants' conduct gave rise to any causes of action. Instead, she asserts

repeatedly that she was falsely imprisoned in a conclusory fashion without factual allegations tying the alleged false imprisonment to the Defendants' conduct.

Even when viewed in the light most favorable to Okereke, the Court finds that the Complaint cannot survive the Defendants' motions to dismiss. Thus, this action will be dismissed in its entirety. Okereke is reminded that the 2012 Court Order precludes her from filing a notice of appeal without first obtaining the written approval of a judge of this Court.

## IV. CONCLUSION

Accordingly, Defendants' Motions to Dismiss [ECF Nos. 8, 10, 18] for failure to state a claim are <u>GRANTED</u>, and this action is <u>DISMISSED</u> in its entirety.

**SO ORDERED.**

 /s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

Dated: January 24, 2017