UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRECIOUS OKEREKE,<br><br>Plaintiff,<br><br>v.<br><br>SIX UNKNOWN BOSTON POLICE, et al.,<br><br>Defendants. | Civil Action No.<br>16-12016-ADB |

## **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

BURROUGHS, D.J.

For the reasons set forth below, the Court denies Plaintiff Precious Okereke's motion for relief from judgment.

### BACKGROUND

By Memorandum and Order [ECF No. 20] dated January 24, 2017, the undersigned granted the Defendants' Motions to Dismiss [ECF Nos. 8, 10, 18] and dismissed this action in its entirety. The Court found that, even when viewed in the light most favorable to Plaintiff, her Complaint cannot survive the Defendants' motions to dismiss for failure to state a claim upon which relief can be granted [ECF No. 20]. The Order reminded Plaintiff that a 2012 Court Order precluded her from filing a notice of appeal without first obtaining the written approval of a judge of this Court.

Three weeks later, on February 16, 2017, Plaintiff filed her self-prepared motion for relief from judgment [ECF No. 23]. Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 60(b)(4). Plaintiff characterizes the Court's Memorandum and Order as "strange" and complains that the order "reflects no due respect to the rules of law and justice." Plaintiff states

that although the order was dated January 24, 2017, it was "postmarked 25th on the 31st." Plaintiff also complains that the dismissal order "bore no signature and it is obviously difficult to know whether the person who dismissed the case is competent, let alone outstanding to do so." Plaintiff argues that if the Court found her Complaint to be incomprehensible, it should not have been dismissed by the Court and the Defendants should "have asked for more definite statement." Plaintiff complains that the Court's granting of the motions to dismiss "typifies deprivation of the Plaintiff's Equal Protection and Due process Clauses."

Each of the three Defendants filed oppositions to the motion for relief from judgment [ECF Nos. 24–26].

## STANDARD OF REVIEW

The granting of a motion for relief under Rule 60(b) is an extraordinary remedy and "motions invoking that rule should be granted sparingly." Nansamba v. Shore Med. Ctr., Inc., 727 F.3d 33, 37 (1st Cir. 2013) (citation omitted). "A party seeking such relief must demonstrate that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id. (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)).

With respect to the particular sub-paragraph of Rule 60(b) invoked by Plaintiff, Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding . . . [if] the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is void, and may be set aside under Rule 60(b)(4), if the court lacked either subject matter jurisdiction or jurisdiction over the defendant's person, or when the

court's actions constitute a violation of due process. O'Callaghan v. Shirazi, 204 F. Appx. 35, 37 (1st Cir. 2006).

## DISCUSSION

In her motion, Plaintiff does not allege that the Court lacks jurisdiction and, to the extent that she argues that she was denied due process, such a contention is baseless. Plaintiff makes several erroneous assertions concerning signatures on orders, dates of orders, and the right to a jury trial. Her assertions are simply not correct. Plaintiff has provided no evidence of proceedings that are inconsistent with due process of law. As correctly noted in the oppositions filed by the defendants, there is no basis to vacate the January 24, 2017 Memorandum and Order as void under Rule 60(b)(4). Plaintiff demonstrates no reason for the Court to grant relief from judgment under Rule 60(b) or any other rule.

## CONCLUSION

Accordingly, Plaintiff's Motion for Relief from Judgment [ECF No. 20] is <u>DENIED</u>. Plaintiff is again reminded that a 2012 Court Order precludes her from filing documents without first obtaining the written approval of a judge of this Court.

**SO ORDERED.**

                                      /s/ Allison D. Burroughs
                                      Allison D. Burroughs
                                      United States District Judge

Dated: March 9, 2017