UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PRECIOUS OKEREKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 16-12016-ADB |
| v. | ) | |
| | ) | |
| SIX UNKNOWN BOSTON POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER DENYING PLAINTIFF'S FINAL MOTION FOR RELIEF FROM JUDGMENT**

BURROUGHS, D.J.

For the reasons set forth below, the Court <u>DENIES</u> Plaintiff Precious Okereke's final motion for relief from judgment.

## BACKGROUND

By Memorandum and Order [ECF No. 20] dated January 24, 2017, the Court granted the Defendants' Motions to Dismiss [ECF Nos. 8, 10, 18], and dismissed this action in its entirety. The Court found that, even when viewed in the light most favorable to Plaintiff, her Complaint did not state a claim upon which relief can be granted. [ECF No. 20]. The Order reminded Plaintiff that a 2012 Court Order precluded her from filing a notice of appeal without first obtaining the written approval of a judge of this Court.

Three weeks later, on February 16, 2017, Plaintiff filed a motion for relief from judgment [ECF No. 23]. On March 9, 2017, the Court denied Plaintiff's Motion for Relief from Judgment. [ECF No. 27]. The Order again reminded Plaintiff that a 2012 Court Order precludes her from filing documents without first obtaining the written approval of a judge of this Court.

Now before the Court is Plaintiff's Final Motion for Relief from Judgment filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. [ECF No. 30]. Plaintiff characterizes the Court's March 9th Order as "queer" and complains that the denial of a jury trial "lends itself to obstruction of justice." Plaintiff states, among other things, that she does not intend to comply with the September 19, 2012 Order issued in <u>Okereke v. Boston Police Hackney Division, et al.</u>, C.A. No. 11-11626-RWZ (D. Mass. Sept. 19, 2012), that requires her to first obtain the written approval of a judge of this Court before filing any additional or new claims in this Court.The Bournwood Hospital (whose true name is First Psychiatric Planners, Inc.) opposed the motion. [ECF No. 29].

## STANDARD OF REVIEW

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding . . . [if] the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is void, and may be set aside under Rule 60(b)(4), if the court lacked either subject matter jurisdiction or jurisdiction over the defendant's person, or when the court's actions constitute a violation of due process. <u>O'Callaghan v. Shirazi</u>, 204 F. App'x. 35, 37 (1st Cir. 2006).

## DISCUSSION

As best can be gleaned from her motion, Plaintiff again seeks reconsideration of the Court's January 24, 2017 Memorandum and Order [ECF No. 20] granting Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted. As noted in the Court's March 9, 2017 Order, and as noted in Defendant's opposition, there is no basis to vacate the January 24, 2017 Memorandum and Order.

2

CONCLUSION

Accordingly, Plaintiff's Final Motion for Relief from Judgment [ECF No. 30] is

DENIED.

**SO ORDERED.**

                                              /s/ Allison D. Burroughs
                                              Allison D. Burroughs
                                              United States District Judge

Dated: June 8, 2017